IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE BOLTON,

    Petitioner,                    No. CIV-S-05-1991 RRB KJM P

    vs.

D.L. RUNNELS,                     ORDER AND

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254.  On November 21, 2006, the court ordered respondent to file a response to petitioner's December 22, 2005 amended petition.  On January 18, 2007, respondent filed a motion to dismiss in which respondent asserts that petitioner has not exhausted state court remedies with respect to all of his claims.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

/////

The record before the court reveals that petitioner has not exhausted state court remedies with respect to claims 2 through 4 identified in his amended petition. The failure to exhaust claims 3 and 4, based on alleged failures to disclose evidence, is clear from a comparison of the federal petition with the petition for review submitted to the California Supreme Court. While claim 2 in the federal petition is entitled "Denial of Marsden Motion" and thus bears similarities to an argument made to the state court, the focus of the federal claim is on the resulting ineffectiveness of a second attorney appointed to assist with DNA evidence at trial, whereas the focus of the state claim was the ineffectiveness of lead trial counsel. Cf. Am. Pet. at 5-6 with Lodged Doc. 6 (Pet. for Review filed in California Supreme Court) at 6-15. Therefore, petitioner's habeas petition is "mixed" in that it contains both exhausted and unexhausted claims.

In response to respondent's motion, petitioner has filed a motion asking that his amended petition be stayed so that he may exhaust state court remedies with respect to his claims. In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005), the Supreme Court recognized the district court's authority to stay a mixed petition for writ of habeas corpus in limited circumstances if the court finds good cause for petitioner's failure to exhaust earlier and merit to the claims petitioner is seeking to exhaust. Petitioner argues generally that he does not have access to the help he needs at his current prison, High Desert, because he is unable to ask for help without putting himself at risk given his sex offender status. Opp'n at 1-2. Petitioner's spare, conclusory argument does not establish good cause for his failure to exhaust earlier. Therefore his request for a stay should be denied.

Petitioner has filed a request for the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

       Finally, the court notes that on June 4, 2007, petitioner filed a second amended petition for writ of habeas corpus. Petitioner did not seek leave to file a second amended petition or accompany his second amended petition with an explanation as to why amendment is appropriate. For these reasons, the court will order that the June 4, 2007 second amended petition be stricken.[1]

       In accordance with the above, IT IS HEREBY ORDERED that:

       1. Petitioner's June 4, 2007 motion for the appointment of counsel is denied.

       2. The second amended petition for writ of habeas corpus filed by petitioner on June 4, 2007 is stricken from the record.

       IT IS HEREBY RECOMMENDED that:

       1. Respondent's January 18, 2007 motion to dismiss be granted.

       2. Claims 2-4 appearing in petitioner's December 22, 2005 amended petition for writ of habeas corpus be dismissed.

       3. Petitioner's June 4, 2007 request for a stay be denied.

       4. Respondent be ordered to file his answer to claim 1 in petitioner's amended application for writ of habeas corpus within twenty days of any order adopting the foregoing findings and recommendations.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

---

[1] The second amended petition is generally the same as the first amended petition with a few minor changes. It is not clear why petitioner submitted the second amended petition.

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2007.

_____
U.S. MAGISTRATE JUDGE

1
bolt1991.157