IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLTON,<br>       Petitioner,<br>vs.<br>D.L. RUNNELS, Warden, *et al.*,<br>       Respondents. | Case No. 2:05-cv-01991 JKS CHS P<br><br>ORDER |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks to challenge his 2002 convictions for two counts of rape and three counts of forcible lewd acts on a child with various enhancements. After Respondents' motion to dismiss was granted, Petitioner's only remaining claim is that his trial counsel rendered ineffective assistance after he became ill on the second day of trial. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On December 30, 2008, the magistrate judge filed findings and recommendations herein, finding Petitioner's claim meritless and recommending denial of the application. Docket No. 35. Petitioner has objected to the magistrate judge's report "in its entirety." *See* Docket No. 38.

Petitioner has failed to make any specific objections to the findings and recommendations. Petitioner has instead chosen to reiterate his claim of innocence and essentially argue that the evidence did not support the jury's verdict. Having failed to make specific objections as required by Federal Rule of Civil Procedure 72(b)(2), he has waived any objections to the factual findings of the magistrate judge. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998). In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has reviewed the report's legal conclusions for clear error. Having carefully reviewed the magistrate's report, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

1

The Court agrees that Petitioner's ineffective assistance of counsel claim fails because Petitioner has failed to allege any specific errors by counsel. *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'")). The Court also agrees that the reasoned decision of the California Court of Appeal denying Petitioner's ineffective assistance claim was not an unreasonable application of clearly established federal law.

Construed liberally, one might argue that Petitioner has raised for the first time in his objection to the magistrate judge's report a claim that the evidence was insufficient to support the jury's verdict. District courts have discretion, but are not required to consider claims raised for the first time in the objection to a magistrate judge's report. *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002). The constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original). As summarized by the Court of Appeal, the evidence presented at Petitioner's trial was clearly sufficient to support each of the elements of the crimes for which the jury found Petitioner guilty. As Petitioner's insufficiency of the evidence claim has been raised for the first time in his objection, and would fail on the merits, the Court declines to consider it.

As reasonable jurists could not debate whether the petition could have been resolved in a different manner, the Court declines to issue a Certificate of Appealability ("COA").[1]

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed December 30, 2008, are adopted in full;
2. Petitioner's application for a writ of habeas corpus is DENIED;

---

[1] *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 482 (internal quotation marks and citations omitted).

ORDER

3. The Clerk shall enter judgment accordingly; and

4. The Court declines to issue a Certificate of Appealability. Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated this the 6th day of March 2009.

                                             /s/ James K. Singleton, Jr.
                                           **JAMES K. SINGLETON, JR.**
                                           United States District Judge